UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABDUL RAHMAN COLE,

              Plaintiff,

-against-

KINGS COUNTY HOSPITAL,

              Defendant.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**18 CV 6617 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Abdul Rahman Cole brings this *pro se* civil rights action against defendant Kings County Hospital pursuant to 42 U.S.C. § 1983.[1] For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On November 8, 2018, plaintiff commenced this action in the United States District Court for the Southern District of New York. ECF No. 2. On November 13, 2018, the Southern District transferred this case to the Eastern District of New York. ECF No. 6. On December 6, 2018, the Court granted plaintiff's application to proceed *in forma pauperis*. ECF No. 9. As only Kings County Hospital and "five staff" were named in the Complaint, see ECF No. 2 at 3, the Court directed the Office of the Corporation Counsel for the City of New York to ascertain the full names of the Kings County Hospital staff who are alleged to have been involved in the October 30, 2018, incident described in plaintiff's complaint. ECF No. 9.[2] Pursuant to the Court's December 6,

---

[1] Plaintiff's complaint alleges that defendant violated his rights by holding him against his will by force after he was transported from the Eddie Harris shelter to Kings County Hospital on October 30, 2018. ECF No. 2.

[2] The Court's Order noted that upon identifying the relevant hospital staff, plaintiff's complaint would be deemed amended to name these individuals as defendants and the Court would direct service on them. ECF No. 9.

2018, Order, Attorney Blanche Greenfield at the Office of Legal Affairs for NYC Health + Hospitals provided the names, titles, and service addresses for various hospital staff on January 22, 2019. ECF No. 12.

Meanwhile, the Court's December 6, 2018, Order, ECF No. 9, which had been mailed to plaintiff at the address he had provided, was returned to the Court as undeliverable, with the postal notation: "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." ECF No. 10. Accordingly, on January 7, 2019, the Court directed plaintiff to "write to the Court to provide a mailing address where he can receive mail by January 28, 2019." ECF No. 11. The Court's Order warned plaintiff that if he failed to respond by January 28, 2019, I would assume that he had abandoned this action and I would recommend that this case should be dismissed. Id. On March 18, 2019, the Court's January 7, 2019, Order was returned as undeliverable; however, on April 9, 2019, plaintiff filed a letter informing the Court of his new address in Alexandria, Virginia. ECF Nos. 13, 14.[3] Accordingly, to accommodate plaintiff, who had provided an out-of-state address, the Court scheduled an initial conference in this case for May 21, 2019, by telephone. ECF No. 15.[4] On April 12, 2019, the Clerk of Court mailed plaintiff a copy of the Order, ECF No. 15, scheduling the conference for May 21, 2019, to the Alexandria address provided by plaintiff.[5]

Defendant's counsel timely contacted the Court on May 21, 2019; however, defendant's counsel was unable to contact plaintiff. The Court then tried calling plaintiff, but the Court could not reach him and left plaintiff two voice messages. ECF No. 16. Accordingly, the Court

---

[3] The letter, dated April 4, 2019, also included a cell phone number and e-mail address. ECF No. 14.
[4] The Order noted that although counsel for NYC Health + Hospitals had provided ten staff members' names, "it is unclear which of these individuals were involved in the events giving rise to plaintiff's civil rights claim" and therefore the Court would hold a telephone conference on May 21, 2019, "to address the identification of who should be named as defendants in this case." ECF No. 15. The Order also noted that "[s]hould plaintiff move again, he shall immediately notify the Court." Id.
[5] The Order, ECF No. 15, has not been returned to the Court as undeliverable.

scheduled another telephone conference for June 20, 2019, to give plaintiff one last chance to appear. Id. Plaintiff was warned that if he failed, without notice to the Court and defendant, to make himself available for the telephonic conference on June 20, 2019, I would recommend that this case should be dismissed. Id.[6]

On June 20, 2019, plaintiff again failed to appear for the Court-ordered conference. ECF No. 17. Plaintiff did not contact the Court or defendant's counsel to seek an adjournment. Id. The Court went on the record with defendant's counsel, Ms. Greenfield, who explained her efforts to contact plaintiff, including her attempts to contact plaintiff by e-mail and by phone in advance of the conference. ECF Nos. 17, 19. Both Ms. Greenfield and the Court were unable to reach plaintiff at the cellphone number plaintiff provided in his April 4, 2019, letter regarding his change of address. ECF Nos. 14, 17, 19.[7]

Following plaintiff's failure to appear on June 20, 2019, plaintiff was again directed to provide his current contact information to the Court in writing by July 12, 2019, and warned that if the Court did not receive an address at which plaintiff could be reached by July 12, 2019, I would recommend that this case should be dismissed. ECF No. 17. The Court sent the June 21, 2019, Order, ECF No. 17, and re-sent the May 24, 2019, Order, ECF No. 16, to plaintiff at his Alexandria address, the Brooklyn Post Office box (No. 210334) noted on his complaint, see ECF No. 2 at 9, and the following e-mail addresses: AbdulRahmanCole13@yahoo.com, AbdulCole16@gmail.com, and AbdulCole76@gmail.com.[8] On August 7, 2019, the Orders sent to the Brooklyn Post Office Box were returned, with the notations "closed" and "unable to forward," ECF No. 20; however, the Orders sent to plaintiff at the Alexandria address were not

---

[6] The Court's May 24, 2019, Order, ECF No. 16, was mailed to plaintiff's Alexandria address and has not been returned to the court as undeliverable.
[7] The telephone number provided appears to be a Verizon payment center. ECF Nos. 17, 19.
[8] As plaintiff's e-mail address was handwritten and difficult to decipher, the Court sent the Orders to him at these different addresses in an abundance of caution. See ECF Nos. 17, 19.

3

returned undeliverable. Plaintiff has failed to contact the Court since he filed the change of address on April 9, 2019.

## DISCUSSION

"If [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," Rule 41 authorizes the district court to dismiss the action. Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted). When deciding whether to dismiss a case for failure to prosecute under Rule 41(b), a district court must consider the following factors, none of which is dispositive: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209-210 (citations omitted). The district court must provide an explanation for the dismissal but need not discuss each factor individually. See Torres v. Yonkers Police Dep't, No. 11 Civ. 1819 (LTS)(GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) and Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Because litigation "cannot proceed without a current address for the plaintiff," courts have repeatedly concluded that a plaintiff's failure to maintain a current address with the Court is a sufficient ground to dismiss for failure to prosecute. Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases).[9] "However, because

---

[9] All plaintiffs, whether represented or proceeding *pro se*, are obligated to notify the court when their address changes. Canario-Duran v. Borecky, No. 10-CV-1736 (DLI)(LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at

dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, dismissal of the complaint should be *without prejudice*." Torres, 2011 WL 2555854, at *2 (emphasis added) (internal citations and quotation marks omitted).

Here, plaintiff has not contacted the Court since April 9, 2019. Since that time, the Court warned plaintiff that his case would be dismissed if he failed to appear for a Court-ordered conference or if he failed to provide his current contact information. ECF Nos. 16, 17. The Court and defendant's counsel have attempted to contact plaintiff by telephone and at multiple mailing addresses and e-mail addresses, all without success. Defendant's counsel timely contacted the Court for the two scheduled conferences in this action on May 21 and June 20, 2019; however, plaintiff failed to appear. Plaintiff has not provided an address or telephone number at which he can be reached. The Court can thus presume prejudice to defendant "from plaintiff's 'unreasonable delay.'" See Coleman v. Doe, No. 05-CV-5849 (JG)(LB), 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). The Court need not afford plaintiff unlimited opportunities to appear in this action. No lesser sanction than dismissal is appropriate under these circumstances and any lesser sanction would be futile as plaintiff has apparently abandoned the case. I therefore respectfully recommend that plaintiff's action should be dismissed for failure to prosecute without prejudice.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

---

*1 (E.D.N.Y. Oct. 28, 1997)). "Indeed, [t]he demand that [a] plaintiff[ ] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11 Civ. 7329 (PKC)(JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service[10] of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: October 21, 2019
       Brooklyn, New York

---

[10] The Clerk of Court is directed to send plaintiff this Report to his Alexandria address and to the following e-mail addresses: AbdulRahmanCole13@yahoo.com, AbdulCole16@gmail.com, and AbdulCole76@gmail.com.

6